pAMY, Judge.
The plaintiffs filed suit following a rear-end vehicle accident alleging physical injury as well as recovery for the wrongful death of their unborn child. A jury found in favor of the defendant. The plaintiffs appeal. For the following reasons, we affirm the judgment of the trial court.
Factual and Procedural Background
This matter stems from an August 3, 1998 automobile accident in Lafayette, Louisiana. It is undisputed that the defendant, Floyd Broussard, struck a vehicle, driven by Ivan Martinez,[1] from the rear. A petition asserting Mr. Broussard’s fault in causing the accident was filed by Ivan and his wife, Lillian Martinez. Ivan sought damages related to physical injuries he contends resulted from the accident. The couple also alleged that upon being informed of the accident by a phone call, Lillian and her daughter traveled from their home to the accident scene. According to Ivan, Lillian arrived approximately fifteen minutes after the accident occurred. The plaintiffs contend that upon viewing the scene, Lillian, who was pregnant at the time, became upset and immediately began- shaking and experiencing the sensation of heat or steam on her face. They maintain this condition continued over the following days and that Lillian also suffered severe headaches during this time. On August 15, 1998, the couple’s child was stillborn.
In the subsequently filed petition, the plaintiffs “allege[d] that the death of their unborn daughter was caused by the emotional and physical upset sustained by Lillian Martinez upon viewing the injuries to hér husband and the severity of the accident. ...” They sought damages associated with the wrongful death of their child *795 as well as damages associated with Lillian’s own emotional distress from both the stillbirth | ?and the accident. Floyd Brous-sard and his automobile insurer, Shelter Mutual Insurance Company, were named as defendants.
The defendants filed an exception of no cause of action asserting that no viable cause of action existed insofar as the plaintiffs sought recovery for Lillian’s emotional distress and mental anguish due to delivery of the stillborn fetus. This exception was maintained by the trial court and Lillian’s claim in this regard was dismissed. Furthermore, during trial, the court determined that in order for Lillian and Ivan to recover for the wrongful death of their unborn child, they would have to meet the burden of proof required for recovery under La.Civ.Code art. 2315.6, a provision permitting recovery for damages stem-: ming from injury to another. The plaintiffs filed a writ application with this court for review of this determination. The application was denied.[2] Finally, the trial court granted a motion for summary judgment filed by the plaintiffs, finding Mr. Broussard’s liability for the accident was established. Pursuant to an agreement reached between the parties, Mr. Brous-sard was released and Shelter remained in the suit as the sole remaining defendant.'
Following trial, a jury concluded that Ivan was injured as a result of the August. 3 accident. He was awarded $4,701.90 in medical expenses and $5,000.00 in general damages. With respect to Lillian’s claim for mental anguish or emotional distress, the jury found that she had come upon the scene of the accident soon thereafter, but responded negatively when asked whether it was reasonable to expect someone in Lillian’s position to suffer serious mental anguish or emotional distress from viewing her husband at the scene. The jury also concluded that the plaintiffs failed to prove that she sustained “mental anguish or emotional distress which was severe, ^debilitating and foreseeable!!]” Thus, the couple’s claims for wrongful death damages were denied.
The plaintiffs appeal, specifying the following as error:
1. The trial court committed legal error in requiring that the elements of C.C. Art. 2315.6 be met, in order for the plaintiffs to recover in their wrongful death claim under C.C. Art. 2315.2.
According to this argument, a de novo review is required on appeal since the jury was improperly instructed. Discussing the evidence presented, the plaintiffs argue that such a review requires an award for wrongful death.
In its brief, the defendant contends that the plaintiffs have not appealed that portion of the jury verdict denying Lillian’s claim for bystander damages. The defendant claims that the failure to do so “is fatal to her instant appeal since Louisiana Civil Code Article 2315.6 is the only provision that arguably allows assertion of a cause of action for the fetal demise of August 15, 1998 being related to Ivan’s automobile accident of August 3, 1998.” Since, according to the defendant’s argument, the jury verdict is intact, “there no longer is any factual or legal basis for the Martinez’s [sic] to claim any causal relationship between the August 3, 1998 automobile accident involving Ivan and the August 15, 1998 miscarriage of Lillian Martinez, and corresponding fetal demise.” We disagree with the defendant’s assertion regarding failure to assign error to the jury’s factual findings. Since a new trial or de novo review would be required if the instruction is found to be erroneous, *796 we review the instruction objected to by the plaintiffs.
Discussion
The plaintiffs contend that the trial court erred in imposing the requirements of La.Civ.Code art. 2315.6 on their wrongful death claim. They assert that the limitations discussed by the Louisiana Supreme Court in Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990) with regard to bystander claims are unnecessary for |4a wrongful death claim. They state that “[wjhile the bystander claim would certainly need significant limitations in order to bring it within some reasonable scope of legal practicality, a wrongful death claim bears within its own nature inherent limitations that need no artificial enhancement.” The plaintiffs argue that “[w]here the Martinez’ claim must ultimately establish that a death resulted from the negligence of Mr. Broussard, the considerations otherwise requiring the hedges of C.C. Art. 2315.6 simply do not apply.”
La.Civ.Code art. 2315.2 provides, in part:
A. If a person[3] dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
[[Image here]]
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(Footnote added.) The remaining burden required by the plaintiffs in this case is contained in La.Civ.Code art. 2315.6, which describes the requirements for recovery for damages caused by injury to another. The Article provides:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person’s injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
[[Image here]]
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can treasonably expect a person in the claimant’s position to suffer serious mental anguish or emotional distress from the experience, and the claimant’s mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
The trial court explained as follows with regard to its ruling that the elements of Article 2315.6 must be established before the plaintiffs could recover for wrongful death:
THE COURT: All right. For the record, [i]n preparing final instructions and attempting to prepare verdict forms, I believe that a serious issue exists relative to or relating to the wrongful death claim explained this way.
First, is it necessary for 2315.6, the provision or the factors of 2315.6, to be met as a prerequisite or a wrongful death claim, or successful wrongful death claim, on behalf of Mrs. Martinez, and also is it necessary or will a decision on [a] 2315.6 claim or necessary prerequisite with respect to Mr. Martinez’s claim? I expect to prepare instructions, final instructions and jury interrogato- *797 ríes to be consistent with a holding that it is necessary to prove a 2315.6 claim before either wrongful death claim can be sustained... .[4]
| fiConsistent with this reasoning, the jury verdict sheet asked the following questions of the jurors:
3. Did the plaintiff, Lillian Martinez, prove by a preponderance of evidence the following elements of her claim for damages for mental anguish or emotional distress.
A. Did she come upon the scene of the accident soon thereafter?
YES_NO_
B. Is it reasonable to expect that someone in her position would suffer serious mental anguish or emotional distress from viewing her husband at the scene?
YES_ NO_
|7C. Did she sustain mental anguish or emotional distress which was severe, debilitating and foreseeable?
YES_NO_
The jury concluded that Lillian proved she came upon the scene of the accident soon thereafter, but answered “No” in response to the questions B and C, those concerning the reasonableness of sustaining serious mental anguish or emotional distress after *798 viewing such a scene and whether she sustained such mental anguish or emotional distress.
We disagree with the plaintiffs’ assertion that the instructions given, and the jury verdict form used, were erroneous. We recognize that the two-fold instruction complained of is unique, one that appears to be an issue of first impression; the circumstances of this case are not those typically seen by this court in wrongful death actions. While cases exist where parents have sought wrongful death damages following a stillbirth, the present case is not one where the mother and fetus were direct victims of the negligent behavior. See, e.g., Wartelle v. Women’s and Children’s Hosp., Inc., 97-744 (La.12/2/97); 704 So.2d 778; Bellard v. South Central Bell Telephone Co., 96-1426 (La.App. 3 Cir. 8/27/97); 702 So.2d 695, unit denied, 97-2415 (La.12/12/97); 704 So.2d 1202. Rather, the question of whether there was a wrongful death here can only be viewed through the window of La. Civ. Code art. 2315.6. Lillian cannot allege that she personally suffered damages recoverable only under Article 2315.6 and then, in turn, allege that the results of this distress caused the fetal demise at issue and not be required to prove the elements required for bystander injuries. Under the facts alleged, one could not exist in the absence of the other. Accordingly, we find no error in the trial court’s determination and affirm the judgment.
Is As the plaintiffs’ second assignment of error focuses on the factual basis for their claim in the event of a de novo review, we do not consider this question, finding no basis exists for such a review.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiffs, Ivan and Lillian Martinez.
AFFIRMED.
Thibodeaux, J., concurs in the result.
Saunders, J., concurs.

. Although the cover of the record in this matter lists the plaintiffs'/appellants' surname as “Martinex,” the references inside the record indicate the correct spelling is "Martinez.”

. See Martinez v. Shelter Mut. Ins. Co., an unpublished writ rendered on October 20, 1999, and bearing docket number 99-1634, wherein a panel of this court denied the application as follows: “WRIT DENIED: Based on the showing made, we find no irreparable injury in the ruling of the trial court. The parties’ right to have this issue reviewed is preserved for appeal.”

. La.Civ.Code art. 26 provides:
An unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death.

. The trial court instructed the jury in this regard as follows:
MENTAL ANGUISH
Lillian Martinez has made a claim for her own mental anguish damages. This claim is separate from that of the claim brought by her husband, Ivan.
Article 2315.6 provides in part as follows for liability for damages caused by injury to another.
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1)The spouse of the injured person.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant’s position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
Under the law the one liable or responsible for an accident must take the injured person as he finds him or her, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reasom of an existing condition, or in this case, the existing strength or weakness of Lillian Martinez's emotional state pri- or to her arriving at the accident scene. You must consider whether any emotional reaction or mental anguish experienced by Lillian Martinez at the scene could be reasonably expected of a person in her same condition. WRONGFUL DEATH
In addition to the individual claims brought by Ivan and Lillian Martinez, they are bringing a claim for their loss from the death of their unborn child. In order for either Lillian or Ivan Martinez to recover damages for their unborn child, the criteria for Article 2315.6 for Lillian Martinez to recover damages for mental anguish or emotional distress as a "bystander” explained above must first be met. Civil Code Art. 2315.2, which is a wrongful death statute, in part provides that if a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(2)The surviving father and mother of the deceased.
Civil Code Article 26 provides that an unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death. In other words, it cannot be awarded damages.
The elements plaintiffs must prove for their wrongful death action are:
(1) That Lillian Martinez meets the criteria to recover damages for emotional distress and mental anguish as provided in Article 2315.6, the bystander statute you have heard much about.
(2) That the death of the unborn child was caused (as defined below) by the accident of August 3, 1998;
(3) The extent or amount of the plaintiffs' damages.